# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES GREER,**
**Claimant Below, Petitioner**

**FILED**

May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0080**  (BOR Appeal No. 2052135)
                        (Claim No. 2016025087)

**BROOKS RUN SOUTH MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner, James Greer by, Reginald Henry his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brooks Run South Mining, LLC, by Timothy E. Huffman, its attorney, filed a timely response.

The issue on appeal is the compensability of Mr. Greer's claim for occupational pneumoconiosis benefits. On May 16, 2016, the claims administrator rejected the claim. The Office of Judges affirmed the claims administrator in its August 10, 2017, Order. The Order was affirmed by the Board of Review on January 5, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Greer, a coal miner, lost consciousness while working on April 28, 2014. He was transported via ambulance to Raleigh General Hospital where he was treated by Mustafa Rahim, M.D. Dr. Rahim noted Mr. Greer complained of cough, wheezing, and congestion, as well as a history of chronic obstructive pulmonary disease. Dr. Rahim diagnosed hypoxemic type acute respiratory failure and severe chronic obstructive pulmonary disease exacerbation.  An April 28, 2014, CT scan of the chest revealed atelectasis, in the right middle lobe and both lower lobes, possibly in combination with bibasilar pulmonary fibrosis.

1

Mr. Greer was discharged from the hospital with diagnoses of severe chronic obstructive pulmonary disease exacerbation and acute respiratory failure, hypoxemic type on May 1, 2014. Dr. Rahim noted Mr. Greer was on a high dose of steroids. He prescribed medication for Mr. Greer and advised him against smoking. Mr. Greer had undergone spirometry which showed a moderate decrease in both FEV1 and FVC, which was consistent with obstruction. The FEV1 improved after bronchodilator treatment. Dr. Rahim recommended Mr. Greer get tested for black lung. Spirometry testing performed on May 19, 2014, revealed mild restriction with moderate obstructive pulmonary disease exacerbation, improved. On June 23, 2014, Mr. Greer was treated at Raleigh General Hospital for cough, congestion, wheezing, and tightness in his chest. He was diagnosed with severe chronic obstructive pulmonary disease exacerbation, pulmonary fibrosis, and suspected pneumoconiosis.

On August 18, 2014, Mr. Greer was seen by Anna Allen, M.D., for a breathing problem. He provided a history of severe difficulty with breathing after being in the mines for several hours in April. He was given oxygen and transported to the hospital. Then, on June 24, 2014, he developed severe wheezing and difficulty breathing after cleaning the office. He had been diagnosed with mild black lung. He is only able to walk fifty yards before he has to stop and rest. Breathing medications help. Dr. Allen diagnosed pneumoconiosis and mixed restrictive and obstructive lung disease.

Mr. Greer was seen by Maria Bustani, M.D., on November 12, 2014. She opined that he had restrictive lung disease with a mild decrease in diffusion capacity. In her opinion, Mr. Greer had been exposed to some type of toxic substance at his work. Dr. Bustani diagnosed shortness of breath on exertion. She noted that she had no documentation of severe obstructive lung disease. But, it was possible that Mr. Greer may have been more symptomatic during the exacerbation with the upper respiratory tract infection. She recommended repeating the pulmonary function testing in six months to follow up on the possibility of early restrictive lung disease. In her opinion, Mr. Greer seemed to have been exposed to a toxic substance at his work at some point in time. She also opined that the biggest issue was Mr. Greer's weight, and she had encouraged him to lose weight.

The Occupational Pneumoconiosis Board testified on July 1, 2015, during a hearing before the Office of Judges.[1] The spirometry testing from May 1, 2014, did not contain the requisite number of traces to be valid. The May 19, 2014, bronchodilator spirometry testing was not valid and reproducible because of a tracing issue. The Occupational Pneumoconiosis Board was unable to make a diagnosis of occupational pneumoconiosis. Mr. Greer had the requisite number of years of exposure but it was a minimal amount of exposure. Mr. Greer was using bronchodilator medication which suggested bronchospastic disease. Mr. Greer had a ten pack year history of smoking.

On March 11, 2016, Mr. Greer completed an employee's and physician's report of occupational injury or disease in which he alleged he injured his lungs on April 28, 2014, when

---

[1] The testimony was regarding claim number 2015002387, which is not before the Court.

he was exposed to coal dust while he was rock dusting. The physician portion of the report was completed by Dr. Allen who diagnosed pneumoconiosis and pulmonary fibrosis.

The claims administrator rejected the claim on May 16, 2016, because Mr. Greer had another claim regarding occupational pneumoconiosis in litigation and because there was no connection between the alleged condition and Mr. Greer's work with Brooks Run South Mining, LLC. Mr. Greer testified via deposition on August 26, 2016, that he was exposed to dust while hauling it. He was also exposed to pulmonary irritants when he cleared equipment. He was also exposed to mine dust when he was involved in search and recovery activities after the Upper Big Branch Mine disaster. Mr. Greer's breathing problems included the inability to catch his breath. On October 3, 2016, Dr. Allen wrote a letter stating she evaluated Mr. Greer on August 18, 2014. In her opinion, the pulmonary disease was more of a reactive airway/obstructive etiology as opposed to a restrictive/pneumoconiosis etiology.

The Office of Judges affirmed the claim administrator's rejection of the claim on August 10, 2017. It noted that Mr. Greer submitted an occupational disease claim alleging he has pneumoconiosis and reactive airway/obstructive disease. However, Dr. Rahim did not explicitly state any opinion as to the cause of Mr. Greer's condition. Dr. Allen diagnosed reactive airway/obstructive disease but indicated the diagnosis was muddled due to Mr. Greer's history of smoking. Additionally, the Occupational Pneumoconiosis Board found no evidence of occupational pneumoconiosis. The Office of Judges determined that it was possible that Mr. Greer had "some yet unidentified mixed restrictive and obstructive lung disease". However, he failed to show the disease was attributable to his work. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 5, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Greer may have a pulmonary disease. However, he failed to show that the disease was due to his work as a coal miner.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker